**CASH EXPRESS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–289C.**

United States Claims Court.

May 20, 1991.

David Bernard Rabinek, Sherman Oaks, Cal., for plaintiff.

Margaret L. Baskette, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDEWELL, III, Judge.

This case is before the court on defendant's motion to dismiss for failure to prosecute, or in the alternative, to compel. For the following reasons, the court grants defendant's motion to dismiss.

## FACTS

Plaintiff filed its complaint on April 4, 1990, seeking damages for defendant's alleged breach of contract. Plaintiff's counsel, David B. Rabinek, did not contact counsel for defendant within 21 days of defendant's answer in order to discuss the parties' Joint Preliminary Status Report (JPSR) as required by RUSCC Appendix G. After repeated attempts to reach Mr. Rabinek, all to no avail, defendant finally filed a separate status report in lieu of the JPSR.

On September 25, 1990, this court ordered Mr. Rabinek to show cause why the case should not be dismissed for failure to prosecute. Mr. Rabinek responded that he had been out of the office for three weeks as the result of a traffic accident. The court found this to be a sufficient reason, and allowed the case to proceed.

On November 28, 1990, the court ordered the parties to complete discovery by April 16, 1991. On January 16, 1991, the government served upon plaintiff defendant's first set of interrogatories, requests for production of documents, and requests for admissions. Plaintiff's responses were due on or before February 19, 1991. On February 20, 21, and 26, 1991, defendant attempted to reach Mr. Rabinek by phone to discuss defendant's discovery requests. On all three occasions, government counsel was unable to reach Mr. Rabinek, and left messages on his answering machine. On February 28, after still not having heard from Mr. Rabinek, government counsel express mailed a letter to Mr. Rabinek asking that he forward to defendant plaintiff's responses to the discovery requests. Mr. Rabinek never responded to that letter. Government counsel made two more attempts to reach Mr. Rabinek—a March 11, 1991 phone call, and a March 14, 1991 express letter. Mr. Rabinek did not respond to either.

By court order, discovery closed on April 16, 1991, by which time plaintiff still had not responded to defendant's discovery requests. On April 17, 1991, defendant filed its motion to dismiss now before the court.

## DISCUSSION

Under RUSCC 41(b), the court may dismiss a case "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of the court...." This sanction is appropriate particularly where, as here, a party's inaction prevents the resolution of the case. *See Claude E. Atkins Enter. v. United States*, 899 F.2d 1180, 1185 (Fed. Cir.1990); *Adkins v. United States*, 816 F.2d 1580, 1585 (Fed.Cir.1987); *Kadin Corp. v. United States*, 782 F.2d 175, 177 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). The court's Rule 41(b) dismissal powers are necessary to its ability to manage efficiently its crowded docket, and to protect the interests of all parties. *Hendler v. United States*, 19 Cl.Ct. 27, 29–30 (1989). Admittedly, dismissal, "the most severe in the spectrum of sanctions," is a harsh action, but it is justified when a party fails to pursue the litigation diligently, and flagrantly disregards the court's orders and rules. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *see also Kadin Corp.*, 782 F.2d at 176–77.

Plaintiff failed to respond to defendant's discovery requests even after numerous attempts by government counsel to secure those replies. By so refusing, plaintiff has prevented the orderly and speedy resolution of this case. Additionally, plaintiff has ignored the court's order that the parties complete all discovery in this case by April 16, 1991, and Mr. Rabinek has failed to provide any reason for his behavior. When a party decides to ignore this court's discovery schedule and substitute its own, or otherwise fails to comply with the court's orders and Rules, dismissal is proper. *Adkins*, 816 F.2d at 1582–83.

## CONCLUSION

Plaintiff has demonstrated a callous disregard for the orders and Rules of this court. Mr. Rabinek's behavior falls far short of the professional and ethical obligations an attorney owes the court. This is not the first time this court has dismissed for failure to prosecute a case handled by Mr. Rabinek. *Cash Express, Inc. v. United States*, No. 90–571C (January 23, 1991) (Judge Futey). After that dismissal, Mr. Rabinek had to be aware that this court will not tolerate a party's blatant disregard of the court's orders and Rules. Therefore, the court grants defendant's motion to dismiss pursuant to Rule 41(b) with prejudice. The clerk of the court is directed to enter judgment accordingly. Costs to defendant as the prevailing party.

IT IS SO ORDERED.