Jack and Charles **COLBERT**, Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 91–1534C.

United States Court of Federal Claims.

Nov. 24, 1993.

John K. Lapiana, Dept. of Justice, Washington, DC, for U.S.

Jack M. Colbert, Riverside, NY, for Jack and Charles Colbert.

## Opinion

WEINSTEIN, Judge.

Defendant has moved to dismiss the complaint for plaintiffs' failure to prosecute the action, because they have not responded to defendant's discovery requests. The motion is granted.

### Background

On October 22, 1991, after dismissal of plaintiffs' counterclaims in a suit brought against them in the United States District Court for the Southern District of New York, plaintiffs Jack and Charles Colbert filed a complaint in this court.

On August 25, 1992, defendant served upon them a set of basic interrogatories and document requests. After a status conference that week, the court issued a scheduling order requiring both parties to complete discovery by December 30, 1992.

On December 29, 1992, defendant filed an unopposed motion to stay the proceedings. The court denied this motion on April 30, 1993, and ordered the parties to propose a schedule for further proceedings. The parties proposed that plaintiffs be given until June 10, 1993 to answer the discovery requests, and that defendant file any dispositive motion by June 30, 1993. The court entered an order reflecting this schedule.

On June 18, 1993, defendant filed an unopposed motion to modify the schedule on the grounds that plaintiffs had yet to comply with the discovery requests. The court modified the schedule, making plaintiffs' responses due June 25, 1993 and defendant's dispositive motion due July 20, 1993.

On July 20, 1993, defendant filed the motion currently before the court, arguing that this case should be dismissed for failure to prosecute because of plaintiffs' failure to respond to the discovery requests. On September 1, 1993, plaintiffs' out-of-time motion to enlarge the time to respond to the motion was returned unfiled, for failure to comply with the court's rules regarding service of process. A second request for an enlargement was filed on September 27, 1993, stating that neither plaintiff received defendant's motion until mid-August. The court therefore extended the time to respond to November 10, 1993.

On November 15, 1993, plaintiffs responded to the motion to dismiss. The court allowed the response to be filed out of time. Plaintiffs state that they are unable to respond to the interrogatories and document requests because the relevant documents are

in defendant's possession, or were lost while in defendant's possession.

### Discussion

■ A federal trial court's authority *sua sponte* to order involuntary dismissal for lack of prosecution is based on both Fed.R.Civ.P. 41(b) and the court's inherent power, arising, "not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

■ Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC) provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim." RCFC 41(b). Rule 37(d) provides that if a party fails to answer or object to interrogatories or document requests, "the court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule." RCFC 37(d).[1] Rule 37(b) sets out various sanctions for disobeying discovery orders. RCFC 37(b)(2)(C) authorizes "dismissing the action." RCFC 37(b)(2)(C).[2] Whether dismissal is appropriate depends upon the weight of evidence that plaintiff has been deliberately prosecuting its case in a dilatory fashion, including the litigation history and any justification offered for plaintiff's or his counsel's conduct. *Link v. Wabash R.R. Co.*, 370 U.S. at 633, 82 S.Ct. at 1390; *see also Kadin Corp. v. United States*, 782 F.2d 175, 177 (Fed.Cir.), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

■ Plaintiffs have failed to respond at all to interrogatories and document requests served over fourteen months ago, despite the passing of several discovery deadlines. They aver that they have been prevented from responding to the discovery requests by the fact that needed documents are in defendant's, not their, possession. The proper course in such a situation is to respond the best one can, and state why further response is not possible. *United States v. $1,322,-242.58*, 938 F.2d 433, 439 (3d Cir.1991); *Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 652–53 (E.D.Pa.1985). In fact, this is what the discovery requests said to do. Defendant's First Set of Interrogatories and Request for Production of Documents, at 7.

Moreover, the court finds this excuse insufficient. The interrogatories in question are quite basic; many can be answered without recourse to any business records.[3] In-

---

1. Defendant brought this motion under Rule 41, rather than Rule 37, but the motion is based entirely on plaintiffs' failure to respond to the discovery requests. The court considers "not the label that a party places on a motion or the perceived relief sought, but the true nature of the relief sought." *Britt v. Whitmire*, 956 F.2d 509, 513 (5th Cir.1992); *accord BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 192, 121 L.Ed.2d 136 (1992); *cf. Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959) (construing complaint as seeking relief requested in substance, though not by name). Therefore, the court will consider whether or not the action should be dismissed under Rule 37, as well. *See Adkins v. United States*, 816 F.2d at 1582 n. 3 ("It is not clear whether the court ruled on the motion as a Rule 37(d) motion, which it was designated, or as a Rule 37(b) motion, or as a Rule 41(b) motion (dismissal for failure to prosecute). The facts here implicate all three provisions and the technical designation of the ruling is immaterial to our ruling."). The power to dismiss for lack of prosecution, in fact,

may be exercised *sua sponte* and is an inherent judicial power. *Link v. Wabash R.R. Co.*, 370 U.S. at 630, 82 S.Ct. at 1388–89.

2. Dismissal would not be appropriate under Rule 37(b) alone, since that section applies only to an order compelling discovery, rather than to an order merely scheduling discovery. *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 16 (1st Cir.1991); *Chrapliwy v. Uniroyal, Inc.*, 17 Fed. R.Serv.2d (Callaghan) 719, 721 (N.D.Ind.1973).

3. For example, the first interrogatory seeks the identity of each person who participated in preparing the discovery responses. The fourth interrogatory asks plaintiffs to amplify the contention in their preliminary status report to the court that the claim in this case differs from the claim they filed in similar litigation elsewhere. The fifth, eighth, and ninth interrogatories ask them to elaborate upon statements in their complaint, such as identifying the property that the plaintiffs claim was taken without just compensation. The tenth, and final, interrogatory seeks

deed, had plaintiffs responded to these interrogatories by stating that they were unable, under the circumstances, to respond, the court would still have considered them to have failed completely to respond to discovery. *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1260 (Fed.Cir. 1985). Even if the records are never provided, plaintiffs must satisfy their burden of proving their claim here, and cannot be presumed to have done so merely because the records in support of their claim are unavailable. A remedy for obtaining return of any such records wrongfully detained by the government is injunctive relief, which has not been requested by plaintiffs and, indeed, is beyond this court's power to order. Nor have plaintiffs filed a motion to compel defendant to provide such records as part of discovery in this case, or alleged that defendant's responses to discovery are inadequate. Indeed, there is no evidence that plaintiffs have requested any discovery of defendant.

 Dismissal under Rule 41(b) "is justified when a party fails to pursue the litigation diligently, and flagrantly disregards the court's orders and rules." *Cash Express,*

*Inc. v. United States*, 23 Cl.Ct. 136, 137 (1991).

> Plaintiff[s have] failed to respond to defendant's discovery requests even after numerous attempts by government counsel to secure those replies. By so refusing, plaintiff has prevented the orderly and speedy resolution of this case.... When a party decides to ignore this court's discovery schedule and substitute its own, or otherwise fails to comply with the court's orders and Rules, dismissal is proper.

*Id.* (citing *Adkins v. United States*, 816 F.2d 1580, 1582–83 (Fed.Cir.1987)); *see also* 5 James W. Moore, et al., *Moore's Federal Practice* ¶ 41.11[2], at 41–143 (1993) (actions are dismissed for lack of prosecution where the "plaintiff fails to progress, or attempts to thwart the progress of, the action to its conclusion").[4]

 A complete failure to respond to interrogatories and document requests seeking information needed by the defendant before the case can progress is also grounds for dismissal under rule 37(d).[5] *See, e.g., Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981); *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 992–93 (8th Cir.1975); *Weiss*

---

the identity of anyone having an interest in the property that is the subject of the claim. This issue, which may be critical to determining jurisdiction (standing), is addressed in plaintiffs' statements in their complaint and status report.

If plaintiffs have enough information to make representations to this court, they are capable of responding, at least in part, to defendant's interrogatories seeking the bases for those representations. Without such responses, defendant is severely prejudiced in preparing its defense and in filing a dispositive motion.

4. The court notes that it also was within its discretion to simply refuse to accept the untimely response to the defendant's motion, and then dismiss the complaint for plaintiffs' failure to respond and offer any justification for their failure to comply with the discovery requests. *See Kadin Corp. v. United States*, 782 F.2d at 176–77.

5. *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1454 (Fed.Cir.1988), has been read to require, before a case can be dismissed under Rule 37, an order warning the plaintiff to comply with the discovery request at issue or face dismissal. *See id.* at 1456–57 (dissenting opinion); *Hendler v. United States*, 19 Cl.Ct. 27, 31 (1989), *rev'd on other grounds*, 952 F.2d 1364 (Fed.Cir. 1991). *Ingalls* is distinguishable, however, "be-

cause the government was, perhaps understandably, confused about the scope of its discovery obligations," *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d at 1451, in that "the government was never given a clear statement by the court about its views on the alleged deficiencies in the earlier answers ... [and] when the government submitted its interrogatory answers it was not unreasonable to have believed that [plaintiff] had obtained the bulk of the relevant evidence," *id.* at 1452. Moreover, the government's responses, while "far from exemplary, ... provide[d] at least partially adequate answers ... which it not improbably could have thought sufficient in light of the discussion at the status conference." *Id.* at 1453. The Federal Circuit concluded, *"In the circumstances here,* there needed to be a predicate 'warning' order, ideally after conferring with the parties, setting out the deficiencies the court saw and giving the government the chance to comply." *Id.* at 1455 (emphasis added).

The present case is nothing like *Ingalls*. Plaintiffs have not responded *at all* to defendant's discovery requests. And it is clear from the motion to dismiss for failure to prosecute that dismissal was a possible penalty for failing to do so. Thus there is no room for confusion regarding what is required plaintiffs here. *Ingalls* does not require a warning in these circumstances.

*Noodle Co. v. Aprile,* 272 F.2d 923, 924 (6th Cir.1959); *see also Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.,* 667 F.2d 600, 604 (7th Cir.1981). "Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza,* 642 F.2d at 310; *see also Link v. Wabash R.R. Co.,* 370 U.S. at 630, 82 S.Ct. at 1388–89 (notice or an adversary hearing regarding the possibility of dismissal without prejudice pursuant to Rule 41(b) not necessarily required).

■ Before the court may dismiss this action under rules 37 or 41, or *sua sponte,* it must consider whether any less drastic sanction would cause the plaintiffs to act responsibly. *E.g., Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992); *Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d 1247, 1254 (Fed.Cir.1990); *Hillig v. Commissioner,* 916 F.2d 171, 174 (4th Cir.1990).

Alternative sanctions include: "[1] a warning, [2] a formal reprimand, [3] placing the case at the bottom of the calendar, [4] a fine, [5] the imposition of costs or attorney fees, [6] the temporary suspension of the culpable counsel from practice before the court, ... [7] preclusion of claims or defenses, ... [8] the imposition of fees and costs upon plaintiff's counsel[,]" [and] [9] "[p]roviding plaintiff with a second or third chance...."
*Malone v. United States Postal Serv.,* 833 F.2d 128, 132 n. 1 (9th Cir.1987) (quoting *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 749 n. 6 (3d Cir.1982) and *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1521 (5th Cir.1985)), *cert. denied,* 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). None of these sanctions would be effective in this case.

This court has repeatedly set deadlines for the completion of the interrogatories and document requests. Plaintiffs have repeatedly ignored those deadlines. The court has no reason to believe that giving them another chance (the ninth alternative), with or without a warning that failure to respond will result in dismissal (the first alternative), will produce a different result. *See Malone v. United States Postal Serv.,* 833 F.2d at

133; *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.1986) ("the history of counsel's action in the district court forecloses any assumption that a new extension would be fruitful"); *Callip v. Harris County Child Welfare Dep't,* 757 F.2d at 1521.

Plaintiffs are proceeding *pro se,* so no attorney sanction, such as a formal reprimand (the second alternative), suspension of counsel (the sixth alternative), dismissal of the suit unless counsel is replaced (the seventh alternative), or the imposition of fees and costs upon counsel (the eighth alternative) can be imposed.

The court cannot place the case at the bottom of its calendar (the third alternative), because there is nothing scheduled in this case for the court to push back. Moreover, such a postponement would be an ineffective sanction against a plaintiff who is already delaying the proceedings. *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.,* 667 F.2d at 606 n. 11.

Imposing a fine (the fourth alternative), or costs or attorney's fees (the fifth alternative) would be futile where, as here, the plaintiffs are proceeding *in forma pauperis,* giving the court no reason to believe that such a sanction could or would be paid. *See Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *cf. Jaffe v. Grant,* 793 F.2d 1182, 1189–90 (11th Cir.1986), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987).

Finally, the complaint in this case contains only one claim. Thus, precluding a claim under rule 37(b)(2)(B) or (C) (the seventh alternative) would be tantamount to dismissal, as would be an order under rule 37(b)(2)(A) that the facts defendant sought to discover be taken as established. *See Ennis v. New Jersey Bell Tel. Co.,* 782 F.2d 396, 398 (3d Cir.1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1461, 89 L.Ed.2d 718 (1986).

■ Because there is no lesser sanction that would cure plaintiffs' intransigence, the complaint shall be dismissed under rules

**100**

37(d) and 41(b).[6]

### Conclusion

For the reasons stated above, defendant's motion is granted. The clerk is ordered to dismiss the complaint, with prejudice. RCFC 41(b) (dismissal under this provision operates as an adjudication on the merits).

---

**6.** The practice of according more leniency to *pro se* plaintiffs in procedural matters does not insulate them from dismissal for repeated failure to comply with court orders. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). Also, the fact that plaintiffs cannot spare time from work to prepare pleadings required by the court's rules or orders does not excuse such noncompliance.