NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE PIECZENIK,**
*Plaintiff-Appellant,*

v.

**BAYER CORPORATION, BAYER CROPSCIENCE (NEW JERSEY) INC., BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA CHEMICALS INC., AND SCHERING BERLIN INC.,**
*Defendants-Appellees,*

**and**

**ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, AVENTIS INC., AVENTIS PHARMACEUTICALS INC., BOEHRINGER INGELHEIM VETMEDICA, INC., BOEHRINGER INGELHEIMROXANE, INC., MEDIMMUNE LLC, NOVARTIS CORPORATION, NOVARITS PHARMACEUTICAL, CORPORATION, NOVARTIS VACCINES AND DIAGNOSTICS, INC., SANOFI-AVENTIS U.S. INC., SANOFI-AVENTIS U.S. LLC, SIEMENS CORPORATION, SIEMENS DIAGNOTICS FINANCE CO. LLC, SIEMENS HEALTHCARE DIAGNOSTICS INC., AND SIEMENS MEDICAL SOLUTIONS USA, INC.,**
*Defendants-Appellees,*

**and**

**ABBOTT LABORATORIES, ABBOTT LABORATORIES, INC., AND SOLVAY PHARMACEUTICALS, INC.,**
*Defendants-Appellees,*

**and**

**ALLERGAN USA, INC., CORNING INCORPORATED, GILEAD SCIENCES, INC., HOWARD HUGHES MEDICAL INSTITUTE, AND QIAGEN INCORPORATED,**
*Defendants-Appellees,*

**and**

**AMGEN USA, INC AND AMGEN, INC.,**
*Defendants-Appellees,*

**and**

**ANTYRA, INC.,**
*Defendant,*

**and**

**BAXTER DIAGNOSTICS INC., MONSANTO AG PRODUCTS LLC, MONSANTO COMPANY, ONYX PHARMACEUTICALS, INC., ZYMOGENETICS, INC., AND ZYMOGENETICS, LLC,**
*Defendants-Appellees,*

**and**

**BIOGEN IDEC INC., BIOGEN IDEC U.S. CORPORATION,**

**AND MEDAREX, INC.**
*Defendants-Appellees,*

**and**

**BRACCO DIAGNOSTICS INC.,**
*Defendant-Appellee,*

**and**

**CENTOCOR ORTHO BIOTECH PRODUCTS, L.P.,
CENTOCOR ORTHO BIOTECH SERVICES,
CENTOCOR ORTHO BIOTECH, INC., JOHNSON &
JOHNSON, ORTHO-MCNEIL JANSSEN
SCIENTIFIC AFFAIRS, LLC, ORTHO-MCNEIL
PHARMACEUTICAL, INC., AND ORTHO-MCNEIL,
INC.,**
*Defendants-Appellees,*

**and**

**DYAX CORPORATION, FOREST LABORATORIES,
INC.,
GENZYME CORPORATION, GLAXOSMITHKLINE
LLC,
AND PERKINELMER HEALTH SCIENCES, INC.,**
*Defendants-Appellees,*

**and**

**E.I. DUPONT DE NEMOURS & COMPANY,**
*Defendant-Appellee,*

**and**

**GE HEALTHCARE BIOSCIENCES BIOPROCESS
CORP., GE HEALTHCARE INC., GE HEALTHCARE
STRATEGIC SOURCING CORPORATION,
AND GE HEALTHCARE BIOSCIENCES CORP.,**

*Defendants-Appellees,*

**and**

**INTERNATIONAL BUSINESS MACHINES CORP.,**
*Defendant-Appellee,*

**and**

**INVITROGEN CORPORATION,**
*Defendant-Appellee,*

**and**

**NOVO NORDISK INC.,**
*Defendant-Appellee,*

**and**

**SOLVAY CHEMICALS, INC.,**
*Defendant-Appellee,*

**and**

**THE DOW AGROSCIENCES LLC,**
**THE DOW CHEMICAL COMPANY (DELAWARE),**
**AND THE DOW CORNING CORPORATION,**
*Defendants-Appellees,*

**and**

**BAYER PHARMACEUTICALS CORPORATION,**
**DIVERSA CHEMICAL TECHNOLOGIES (NY), INC.,**
**AND**
**JOHN DOES 1 THROUGH 61,**
*Defendants.*

————————————————

2011-1385

————————————————

Appeal from the United States District Court for the District of New Jersey in Case No. 10-CV-2230, Judge Joel A. Pisano.

———————————————

Decided: March 22, 2012

———————————————

GEORGE PIECZENIK, of Stockton, New Jersey, pro se.

LIZA M. WALSH, Connell Foley, LLP, of Roseland, New Jersey for defendants appellees Abbott Laboratories et al., with the exception of Monsanto Ag Products LLC; Monsanto Company; Biogen Idec Inc. and Biogen Idec U.S. Corporation. With her on the brief was RUKHSANAH L. LIGHARI. Of counsel on the brief were CHRISTOPHER J. HARNETT, JAMES F. HALEY and PABLO D. HENDLER, of Ropes & Gray LLP, of New York, New York.

PAUL ANDRE, King & Spalding LLP, of Redwood Shores, California for defendants-appellees Onyx Pharmaceuticals, Inc. et al.

MATTHEW D. MURPHEY, Troutman Sanders LLP, of San Diego, California for defendant-appellee Invitrogen Corporation. Of counsel on the brief was RIP FINST, Life Technologies Corp., of Carlsbad, California.

———————————————

Before NEWMAN, MAYER, AND PLAGER, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

The United States District Court for the District of New Jersey dismissed with prejudice the complaint filed by Dr. George Pieczenik, on the ground that he failed to state a

claim on which relief could be granted, Fed. R. Civ. P. 12(b)(6). Dr. Pieczenik appeals that dismissal. He also appeals the dismissal of his charge of copyright infringement by the defendants' quotation from his classroom lecture; he appeals the denial of his request for compulsory mediation; and he appeals Judge Pisano's denial of the request that Judge Pisano recuse from this case. On review, we affirm the district court's judgment and rulings.

## BACKGROUND

Dr. Pieczenik is the inventor and owner of United States Patent No. 5,866,363 (the '363 patent) entitled "Method and Means for Sorting and Identifying Biological Information." Proceeding *pro se*, Dr. Pieczenik initiated this suit by filing four separate complaints in the United States District Court for the District of New Jersey, against a total of eighty-eight defendants. He alleged that more than one hundred named and unnamed parties infringe one or more claims of the '363 patent, and that some defendants also violate the Racketeer Influenced and Corrupt Organizations (RICO) statute. Several defendants filed motions to dismiss. While those motions were pending, the district court *sua sponte* dismissed without prejudice Dr. Pieczenik's four complaints for failure to meet the minimum pleading requirements of the Federal Rules of Civil Procedure. The district court provided Dr. Pieczenik with an opportunity to correct the defects by filing a single consolidated complaint that met the requirements of the Federal Rules.

Dr. Pieczenik then filed a consolidated amended complaint. All eighty-eight defendants moved to dismiss the complaint for failure to meet the requirements of Rule 12(b)(6) in accordance with the standards explained in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). The district

court granted the motion, stating that "Plaintiff has failed to state a plausible claim of infringement against any Defendant." Op. 12. The court dismissed the infringement claims in their entirety, and also dismissed the RICO claims, stating that Dr. Pieczenik failed to "allege any statutorily-defined racketeering activities or a pattern of the same," and that he did not have standing to bring a RICO action. Op. 15.

The procedural criteria of dismissal under Rule 12(b)(6) are reviewed in accordance with the procedural law of the relevant regional circuit, here the Third Circuit, with Supreme Court guidance as appropriate. *See CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed.Cir.2009) ("The question whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional [ ] circuit.") (internal quotation omitted). To withstand dismissal under Rule 12(b)(6) the plaintiff has an "obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555. This obligation "requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citations omitted). Dismissal is appropriate "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009).

In general, *pro se* litigants are held to a lesser standard than pleadings drafted by lawyers when determining whether a complaint should be dismissed for failure to state a claim. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). However,

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

I

## THE INFRINGEMENT COUNTS

The district court held that Dr. Pieczenik's amended complaint did not allege facts sufficient to support his claim for infringement of the '363 patent. Dr. Pieczenik states that the '363 patent covers "random nucleotide libraries . . . [and] monoclonal and polyclonal libraries." Pieczenik Am. Compl. 13. The complaint states that the '363 patent is infringed by defendant Invitrogen's sale of "vectors for the display of combinatorial libraries" and "DynaBeads for Phage Display and BioPanning," *id*. at 40; and by the purchase of combinatorial libraries produced by New England Biolabs by forty-one named defendants, namely: Abbott Laboratories, Abbott Laboratories, Inc., Amgen Inc., Amgen USA, Inc., AstraZeneca LP, AstraZeneca Pharmaceuticals LP, Baxter Diagnostics, Inc. (now Baxter Healthcare Corp.), Bayer Cropscience Inc., Biogen Idec Inc., Biogen Idec U.S. Corp., Boehringer Ingelheim Vetmedica, Inc., Boehringer Ingelheim Roxane, Inc., Bracco Diagnostics, Inc., Canon, U.S.A., Centocor Ortho Biotech Products, L.P., Centocor Ortho Biotech Services, LLC, Centocor Ortho Biotech, Inc., Daiichi Sankyo, Inc., E.I. du Pont de Nemours & Co., Dyax Corp., GE Healthcare Biosciences Bioprocess Corp., GE Healthcare Bio-Sciences Corp., GE Healthcare Inc., GE Healthcare Strategic Sourcing Corp., GlaxoSmithKline LLC, Howard Hughes Medical Institute, IDEXX Reference Laboratories, Inc., Invitrogen Corp., Millennium Pharmaceuticals, Inc., Monsanto Ag Products LLC, Monsanto Co., Novartis Corp., Novartis Pharmaceutical Corp., Novartis

Vaccines and Diagnostics, Inc., OSI Pharmaceuticals, Inc., Shionogi Pharma Sales, Inc., Shionogi Pharma, Inc., Shionogi USA Holdings, Inc., Shionogi USA, Inc., Syngenta Crop Protection, Inc., and Syngenta Seeds, Inc. The complaint does not identify any infringing product or process that is or was made, used or sold by any of the remaining defendants.

The district court determined that Dr. Pieczenik did not identify infringing activity by any defendant in connection with the New England Biolabs libraries. The complaint states that these defendants purchased "combinatorial peptide phage display libraries" sold by New England Biolabs, but does not state how these libraries and their purchase infringe the '363 patent. Pieczenik Am. Compl. 15. The district court correctly held that the minimal pleading requirements of patent infringement were not met For Invitrogen, the district court observed that the complaint does not recite facts sufficient to show that Invitrogen's product is a "library" covered by the '363 patent. The district court held that Dr. Pieczenik's complaint did not meet the minimum pleading standards. Dr. Pieczenik argues that the district court erred in dismissing his counts of patent infringement. As "evidence of infringement," he states: "The fact that amino acid sequence SER-VAL-SER-VAL-GLY-MET-LYS-PRO-SER-PRO-ARG-PRO was isolated and made by several defendants came out of the combinatorial library claimed in Plaintiff-Appellant's '363 patent." Pieczenik Br. 1. He does not discuss the criteria of patent infringement or identify which of the named defendants isolated or made the asserted sequence. Instead, Dr. Pieczenik argues that because the '363 patent has a "§102(e) filing date of August 28, 1985" and a "document disclosure filing of 1983," "the court can only use rulings that are prior to 1983 or 1985 at the latest to determine any gatekeeping functions in determining sufficient evidence to commence a patent infringement action." *Id.* This reasoning is obscure,

for the Federal Rules have consistently required the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). If such grounds do not exist or are not fairly noticed in the complaint, the complaint will be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). No error has been shown in the district court's rulings as to the inadequacy of the complaint's recitation of the basis for the charges that any or all of the forty-one listed defendants infringed the '323 patent by purchasing libraries from NEB; that Invitrogen infringed the '323 patent through its sale of vectors for the display of combinatorial libraries and DynaBeads; or that any other defendant infringed the '323 patent by making, using, or selling any other product or process covered by the patent's claims.

## II

### THE RACKETEERING COUNTS

The district court held that Dr. Pieczenik did not allege any law or fact sufficient to support a racketeering count against any defendant. The complaint did not specify how the RICO statute was violated by any defendant, as required by 18 U.S.C. §1962, and did not allege any injury as a result of any defendant's alleged RICO violation. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) ("[A] RICO plaintiff [must] make two related but analytically distinct threshold showings . . . : (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. §1962."). We affirm the district court's ruling that the complaint did not meet the minimum plead-

ing requirements for violation of the RICO statute, as to any defendant.

III

MOTIONS

A. Recusal

Dr. Pieczenik appeals from Judge Pisano's denial of his motion for recusal. Dr. Pieczenik recited seven grounds for recusal: (1) the possibility that Judge Pisano holds shares in any of the defendant public companies; (2) Judge Pisano's alleged favoritism toward opposing counsel; (3) Judge Pisano's denial of requested discovery; (4) Judge Pisano's failure to hold a *Markman* hearing; (5) Judge Pisano's "hidden agenda" as evidenced by consolidation of the four original actions into a single action; (6) Judge Pisano's failure to remove Milbank Tweed Hadley McCloy LLP as *pro hac vice* counsel in this matter; and (7) Judge Pisano's prejudices against *pro se* litigants, against Jewish litigants, against "scientists acting as lawyers," against inventors who litigate their patents, and against science generally. Dr. Pieczenik also objected to the court's remark at the hearing that Dr. Pieczenik had commenced other litigation in the past.

The district court pointed out that Dr. Pieczenik did not provide a factual basis for any of his accusations, and held that there was no basis for any belief that his impartiality might reasonably be questioned, citing 28 U.S.C. §455(a), that there was no basis for the charge that he had a personal bias or prejudice against Dr. Pieczenik, or that he had personal knowledge of any disputed facts concerning the proceeding, citing 28 U.S.C. §144. Judge Pisano observed that the motion for recusal "consists merely of speculation

and unsupported assertions of bias and prejudice." Op. 6. We review a recusal decision for abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir. 1985).

In accordance with 28 U.S.C. §144, recusal is required upon a "sufficient affidavit" that the judge has a personal bias or prejudice against the party seeking recusal or in favor of an adverse party. Dr. Pieczenik has not submitted an affidavit, and his motion does not state any facts to support his allegations. Dr. Pieczenik has not shown any basis for questioning Judge Pisano's impartiality, in view of 28 U.S.C. §455(a), or that Judge Pisano is or may be personally biased or prejudiced against Dr. Pieczenik. We affirm the district court's denial of the recusal motion.

## B.  Copyright Infringement

Dr. Pieczenik filed a "Motion in Limine to Expunge Plaintiff's Copyrighted Lectures Proffered by Defendants' Counsel and to Charge Them with Digital Copyright Infringement." Dr. Pieczenik states that the defendants violated his copyright by quoting, in their brief, statements made by Dr. Pieczenik during a lecture to a biochemistry class at Rutgers University, relating to the ease and benefits of *pro se* litigation in federal court. The defendants cited these statements to support the argument that Dr. Pieczenik was familiar with suing in federal court and should not be entitled to the more lenient pleading standards afforded to *pro se* litigants.

The district court held that "the Defendants' use of the statements was proper and, to the extent Plaintiff holds a copyright as to such material, Defendants did not infringe any such copyright." Order 1, Dec. 2, 2010. We agree that if

there were a copyright of the lecture material; this was a fair use of the quotation. The Copyright Act provides guidance for determining fair use, as follows:

> 17 U.S.C. §107. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

The "fairness" of a particular use is determined on a case-by-case basis, applying an "equitable rule of reason analysis." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 448 (1984). Applying the statutory factors, the defendants' quotation from the lecture was not for commercial purpose, and there is no assertion that the defendants' use adversely affected Dr. Pieczenik's interests in or the value of the material. The quoted statements are of possible relevance to this lawsuit, and the defendants' use of this material falls readily within the boundaries of fair use. *See Shell v. DeVries*, No. 07-1086, 2007 WL 4269047 (10th Cir. 2007) (finding fair use when a party copied ten pages from the plaintiff's website to use in litigation).

The district court correctly held that Dr. Pieczenik had not stated the premises of a claim for copyright infringe-

ment, and that the lecture need not be expunged from the record.

## C. Compulsory Mediation

Dr. Pieczenik requested that the district court compel mediation by each of the defendants individually, and states that the district court erred in denying this request. In denying the motion, the district court stated that the defendants "[had] no interest in mediation, particularly given that currently pending before the Court is a motion by Defendants to dismiss the amended complaint." Order 2, Dec. 2, 2010.

Whether to compel mediation is within the district court's discretion, and is reviewed accordingly. *See Pierce v. Underwood*, 487 U.S. 552, 559 n.1 (1988) ("It is especially common for issues involving what can broadly be labeled 'supervision of litigation' . . . to be given abuse-of-discretion review."). An exercise of discretion will not be disturbed "unless upon a weighing of relevant factors we are left with a definite and firm conviction that the court below committed a clear error of judgment." *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed.Cir.1987) (internal quotation marks omitted). In the posture of this litigation, the district court did not abuse its discretion in declining to compel mediation.

## CONCLUSION

The dismissal of the complaint under Rule 12(b)(6) is affirmed, as is the denial of Dr. Pieczenik's motions for recusal of Judge Pisano, for copyright infringement, and for compulsory mediation.

## AFFIRMED