ARCHER, Circuit Judge.
Appellants appeal the partial judgment of the United States Claims Court in the consolidated cases of Adkins v. United States, Cl.Ct. No. 268-84C, Adams v. United States, Cl.Ct. No. 400-84C, and Allison v. United States, Cl.Ct. No. 316-85C, in which their complaints were dismissed. We affirm in part, vacate in part, and remand.
Background
These consolidated cases encompass over 1,100 individual claims of present and former federal employees of the Bureau of Prisons for overtime pay for time immediately prior to and following their work-shifts alleged to be required to perform work-related duties such as roll call and checking in and out equipment required for *1581 their job assignments. Class certification was denied.
At the initial stages of the litigation, the United States sought discovery to obtain information from each plaintiff regarding the specific factual basis for his or her claim which had not been included in the broad allegations of the single complaint filed in each case on behalf of a large group of plaintiffs. Interrogatories directed to the more than 1,000 plaintiffs in Adkins and Adams were served on their counsel on January 28, 1985. Plaintiffs’ counsel obtained an enlargement of time through April 4, 1985 to respond to the interrogatories. On that date, responses from 381 plaintiffs were served on the United States and a further extension to May 6, 1985 was granted. On May 10, 1985, after a four-day additional extension, responses were served from 20 more plaintiffs. No further extension was sought at that time by plaintiffs’ counsel.[1] On May 28, 1985, the United States filed a motion to dismiss the Adkins and Adams plaintiffs who failed to make any response to the government’s interrogatories. Also on May 28, 1985 the third of these consolidated cases, Allison, was filed. The United States answered on June 26, 1985, and on August 9, 1985 served identical interrogatories on counsel directed to the Allison plaintiffs’ claims.
On August 22, 1985, the Claims Court heard argument on the motion to dismiss the Adkins and Adams plaintiffs who failed to respond. In denying the motion, by order, the court established final deadline dates for responses to the interrogatories in all three cases: October 22, 1985 was set for Adkins and Adams and November 22, 1985 was set for Allison. The court made it clear to the plaintiffs’ counsel that if these deadlines were not met, the court, upon renewal of the motion to dismiss by the United States, would dismiss the non-responding plaintiffs for failure to prosecute.
Shortly after each court-ordered deadline, the United States again moved to dismiss the non-responding plaintiffs. The Claims Court granted each motion and dismissed those plaintiffs who had failed to respond by the deadlines for failure to prosecute. A few late responses had been received, and in those cases the court ruled that any response postmarked by the deadline dates would be considered timely. Nineteen plaintiffs had submitted responses but they were postmarked after the deadline dates, and no declaration or affidavit was presented to explain the tardiness of the responses.[2] These plaintiffs’ cases were accordingly dismissed and eighteen of them are now appellants before this court. Included in this appeal are also nineteen additional appellants who apparently more recently submitted late responses to the interrogatories. These appellants were not made known to the Claims Court prior to the time it ruled on the motions to dismiss on January 15,1986 or prior to its denial on April 2, 1986 of the motion for reconsideration.
OPINION
The Claims Court’s dismissal of appellants’ complaints is reviewable only to determine whether that court abused its discretion. National Hockey League v. *1582 Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). The decision below will not be disturbed unless upon a weighing of relevant factors we are left with “a ‘definite and firm conviction’ that the court below committed a clear error of judgment.” Bandag, Inc. v. Al Bolser’s Tire Stores, Inc., 750 F.2d 903, 917 (Fed.Cir.1984); Ver-degaal Bros. v. Union Oil Co., 750 F.2d 947, 952 (Fed.Cir.1984) (quoting Playboy Enterprises, Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1275 (9th Cir.1982)). See also Milmark Services, Inc. v. United States, 731 F.2d 855, 860 (Fed.Cir.1984) (matters within the discretion of the trial judge are to be sustained unless manifestly erroneous). The question is not whether this court would as an original matter have dismissed these actions, it is whether the Claims Court abused its discretion in doing so. National Hockey League, 427 U.S. at 642, 96 S.Ct. at 2780.
Under Rule 37(d), RUSCC, if a party fails to serve answers to interrogatories “the. court on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.” Rule 37(b)(2)(C), paralleling Fed.R.Civ.P. 37(b)(2)(C), which deals with sanctions for failure to comply with an order of the court, states that a permitted sanction for such failure is “[a]n order ... dismissing the action or proceeding or any part thereof....”[3]
The sanction of dismissal is intended to be both a punishment for the offender and a deterrence to others. National Hockey League, 427 U.S. at 643, 96 S.Ct. at 2781. Ordinarily, it is applied in those cases where a party is explicitly ordered by the court to provide discovery but the party fails to respond in a proper or timely manner. See, e.g., id. at 642, 96 S.Ct. at 2780. (court patient in allowing ample time to comply with discovery orders); Van Nost-rand v. University of Minnesota, 656 F.2d 315, 316 (8th Cir.1981) (repeated failure to make full and timely responses to discovery requests and failure to comply with three separate discovery orders despite explicit instructions from the district court warranted dismissal with prejudice); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 36 (3d Cir.1979) (repeated failure to answer interrogatories as directed and refusal to appear for depositions warranted dismissal with prejudice).
The Supreme Court has recognized that Rule 37 should not be construed to authorize dismissal when the dismissed party has established that the failure to comply was due to inability, and not to willfulness, bad faith or any fault of the party. National Hockey League, 427 U.S. at 640, 96 S.Ct. at 2779; Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). Absent that showing by such party,[4] an exercise of the power in proper circumstances is necessary “to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.” Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).
In this case, we find that the Claims Court did not abuse its discretion in dismissing with prejudice the complaints of the thirty-seven appellants. The particular interrogatories sought information basic to the question of whether each plaintiff could maintain his or her individual claim. Counsel in the Adkins and Adams cases sought and received three enlargements of time to provide the information prior to the first motion to dismiss. Even then the court did not grant the government’s first motion to dismiss. Rather, by order, the court im *1583 posed a final deadline, giving the appellants an additional two-month enlargement of time. In total, appellants were permitted 267 days to respond to discovery in these cases and 105 days in the later Allison case. Moreover, at the hearing on the first motion to dismiss, the Claims Court, in establishing the final deadlines, gave specific notice to appellants’ counsel that if the discovery requests were not complied with by the dates specified, the court would dismiss the non-responding parties. As stated in its orders of dismissal under review:
[T]he court by its order of August 22, 1985, gave the plaintiffs until October 22, 1985 [and November 22, 1985] to respond, or, upon renewal of the defendants’ motion, be dismissed for failure to prosecute.
Even with the ample response time provided, a warning to their counsel and the court-ordered deadline, appellants[5] did not mail their responses to the interrogatories until after the deadline dates. Moreover, neither the appellants nor their counsel informed the court of any reasons why they were unable to respond timely. Given the nature of the interrogatories, the repeated failures of appellants to meet discovery time limits, the order of the court setting the final deadline dates, and the absence of an explanation for delay, there was substantial justification for the Claims Court’s action. We cannot say that the court abused its discretion when, after a year, the dismissed parties had evidenced no interest in the litigation beyond joining in the filing of a complaint. Ahlberg v. Department of Health and Human Services, 804 F.2d 1238, 1242-43 (Fed.Cir.1986); Kadin Corp. v. United States, 782 F.2d 175, 176 (Fed.Cir.1986).
The Claims Court must be accorded latitude in managing litigation of this size, where originally more than 1100 plaintiffs were involved. Its task was difficult because it was obligated to avoid congestion of the court’s calendar and to prevent undue delays. See Link v. Wabash Railroad Co., 370 U.S. at 629-30, 82 S.Ct. at 1388. Otherwise, the “orderly and speedy pursuit of justice” would be frustrated. See Reading Anthracite Co. v. United States, 9 Cl.Ct. 63, 65 (1985).
We therefore affirm the Claims Court’s partial judgment dismissing with prejudice the complaints of all appellants except James Clyde Howard and John T. Mooningham in the Adkins case and Kenneth W. Dawson in the Adams case. As to the three named appellants, we vacate and remand to the Claims Court for a determination of whether their responses to interrogatories were timely under that court’s order of January 15, 1986.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. Later, on June 10 and June 24, 1985, plaintiffs’ counsel did seek further enlargements of time to respond to the January 28, 1985 interrogatories, which the United States opposed. The court did not specifically act on these motions.

. On January 29, 1987, appellants’ counsel submitted a Supplemental Brief and Appendix. The Appendix includes questionnaires filled in by a number of the appellants, some of which purport to set forth reasons for the untimely responses to the interrogatories. This information was obtained to address the argument of the United States in its brief that reasons for the late responses were not presented to the Claims Court. Because this information was not timely presented to the Claims Court, we decline to consider such questionnaires and arguments based thereon.
We note, however, that appellants’ counsel discovered in the course of assembling this information that responses to discovery from three appellants included in this appeal had been timely received in his office but were not forwarded to the United States. Their names are James Clyde Howard and John T. Mooning-ham in the Adkins case and Kenneth W. Dawson in the Adams case.

. It is not clear whether the court ruled on the motion as a Rule 37(d) motion, which it was designated, or as a Rule 37(b) motion, or as a Rule 41(b) motion (dismissal for failure to prosecute). The facts here implicate all three provisions and the technical designation of the ruling is immaterial to our ruling.

. The dissent shifts the burden of proof on this issue to the movant. We disagree that the mov-ant must ferret out information and affirmatively establish that each non-responding party acted willfully in disregarding the court’s order. The non-responding party has the burden of establishing any excuse for his or her inaction.

. Possibly with the exception of the three appellants named supra at note 2.