**Nikoletta TSEKOURAS, by her parent and natural guardian Maria TSEKOURAS, Petitioner,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–2761V.

United States Claims Court.

July 10, 1992.

---

Kevin J. Coffey, Philadelphia, Pa., for petitioner.

Karen P. Hewitt, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

NETTESHEIM, Judge.

This matter is before the court on petitioner's motion for review of an order entered by Chief Special Master Gary J. Golkiewicz on April 30, 1992, ordering entry of judgment pursuant to an earlier award of dismissal issued on June 19, 1991. Argument is deemed unnecessary. The salient background facts are few:

1. On December 14, 1990, the chief special master entered an order requiring petitioner to file within 60 days certain documents called for by section 300aa–11(c) of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1—300aa–34 (1988), *as amended* by several public laws, codified in 42 U.S.C.A. §§ 300aa–1—300aa–34 (West Supp.1991) (the "Act") (*see also* Vaccine Rule 2(e)). The Act makes the filing of these documents with the petition a jurisdictional requisite. The order further advised: "Failure to comply with this Order will result in a dismissal of this case with prejudice."

2. On April 19, 1991, the chief special master issued an order requiring submission of the documents called for by the December 14, 1990 order. Noting the failure to comply with the earlier order, the chief special master allowed petitioner an additional 30 days. The order further provided: "While this failure provides sufficient basis for the court to dismiss this action, due to the severity of such action, petitioner will be given *one last* opportunity to comply with the court's Order." (Emphasis in original.)

3. On June 19, 1991, the chief special master entered an order reciting the failure to comply with either the December 14, 1990 or April 19, 1991 orders. This order concluded: "Given the Act's 'front-end loaded' jurisdictional requirements and petitioner's failure not only to meet those requirements but also to respond to the court's Orders, the court has no option but to dismiss this petition with prejudice pursuant to Vaccine Rule 21(c)." However, the order allowed:

Due to the extreme nature of dismissal, the court will entertain a motion to grant relief from this dismissal for the limited reasons of mistake, inadvertence, surprise or excusable neglect. *See* Vaccine Rule 1. Such motion must be filed within fourteen (14) days after the filing of this Order. No extensions will be granted.

Judgment was not entered on this order.

4. On August 2, 1991, petitioner filed a Motion for Extension of Time, requesting a 90–day period within which to submit additional documentation. The motion recited that petitioner was "under the mistaken belief that ... [she] had filed all of the required medical records, affidavits, and other documents, and ... [was] surprised by the Court's Order of June 19, 1991." Accompanying this motion was the affida-

vit of Saul Doner, counsel for petitioner, averring to the mistake and surprise.

5. On April 30, 1992, the chief special master issued an order denying the motion. This order referred to material that is not included in the record, with specific reference to Mr. Doner's medical problems and surgery resulting from an illness that did not manifest itself until July 9, 1991, after the case had been dismissed. This hiatus is explained in respondent's reply to petitioner's motion for review. Respondent states that after the June 19, 1991 order dismissing the case with prejudice, petitioner filed on or about July 8, 1991, a " 'Motion for Extension of Time To Submit Additional Records.' " Respondent says that this document was not accepted for filing due to the previous dismissal. Apparently, the chief special master mentioned its contents nonetheless. The court will consider the factual information to have been submitted to the chief special master on reconsideration.

After reciting the procedural history of the case, the April 30, 1992 order evaluated the motion under the standards for relief applicable to RUSCC 60(b). The chief special master concluded that petitioner failed to make a showing of exceptional circumstances warranting relief under Rule 60(b). The chief special master mentioned several factors that supported the sanction of dismissal, including prejudice to respondent. The failure to comply with court orders over a 6–month period was deemed a "straightforward case of nonfeasance or a failure to prosecute." Petitioner's motion for relief was denied.

## DISCUSSION

### 1. *Standard of review*

■ On review of a decision by a special master, the Claims Court is authorized to "set aside any findings of fact or conclusion[s] of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." 42 U.S.C.A. § 300aa–12(e)(2)(B). The issue of whether the evidence of record warrants a conclu-

sion that a vaccine caused an injury calls for review under the arbitrary and capricious standard. *Hines v. Secretary of DHHS*, 940 F.2d 1518, 1527 (Fed.Cir.1991). According to the Federal Circuit, " 'arbitrary and capricious' is a highly deferential standard of review...." *Id.* at 1528.

■ The Supreme Court, in the context of reviewing a federal agency's decision under the Administrative Procedure Act, 5 U.S.C. § 706 (1988), explained that under the arbitrary and capricious standard a reviewing court must consider "whether the [federal agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971) (citing cases) (quoted in *Hines*, 940 F.2d at 1527). "Although ... [the] inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one...." *Citizens To Preserve Overton Park*, 401 U.S. at 416, 91 S.Ct. at 824; *see also Hyundai Elecs. Indus. Co. v. ITC*, 899 F.2d 1204, 1209 (Fed.Cir.1990) (the "touchstone" of arbitrary, capricious, and abuse of discretion standard of review is rationality—consideration of all relevant factors absent a clear error of judgment). In *Hines* the Federal Circuit charted the course for a special master's decision under the arbitrary and capricious standard: It must 1) consider the relevant evidence in the record as a whole; 2) draw plausible inferences from the evidence; and 3) articulate a basis for the decision that is rational. *Hines*, 940 F.2d at 1528.

Petitioner's central complaint is that the dismissal in the circumstances was an abuse of discretion. Respondent correctly rejoins that the dismissal must be judged on the basis of the facts then known to petitioner that were brought to the chief special master's attention before he entered his order of April 30, 1992. Petitioner's motion for review sets forth additional facts that petitioner admits were not part of the record before entry of judgment. For purposes of determining whether the chief special master abused his discretion,

the court must disregard this additional information.

■ The court has reviewed the record carefully. It reveals that for a period of 6 months petitioner disobeyed orders of the court calling for documents that additional opportunity to explain her failure, petitioner's motion recited illness of counsel which arose approximately 3 weeks after the date of dismissal.

The Federal Circuit set forth the standard for reviewing a dismissal pursuant to RUSCC 41(b) in *Claude E. Atkins Enterprises, Inc. v. United States*, 899 F.2d 1180, 1183 (Fed.Cir.1990):

> Under Rule 41(b) of the Rules of the United States Claims Court, the court may dismiss a case on its own motion, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court...." Upon review of a decision of the Claims Court to dismiss "pursuant to Rule 41(b), our inquiry is whether the court abused its discretion." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed.Cir.), *cert. denied*, 476 U.S. 1171 [106 S.Ct. 2895, 90 L.Ed.2d 982] ... (1986). We have previously noted that the trial court's exercise of discretion will not be disturbed on appeal "unless upon a weighing of relevant facts we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment.'" *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed.Cir. 1987) (quoting *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 917 (Fed.Cir.1984)).

*Atkins* is strikingly similar to the case at bar. Two court orders warned plaintiff that the complaint would be dismissed pursuant to RUSCC 41(b) for failure to file pretrial submissions. "Based on these two clear warnings, we cannot say that the Claims Court abused its discretion in dismissing Atkins' complaint." 899 F.2d at 1184. As in this case, plaintiff filed a motion pursuant to RUSCC 60(b) to excuse its actions due to reliance on government

counsel's representation that defendant would submit a motion for summary judgment, thereby negating the need for pretrial submissions. The appeals court upheld the lower court's exercise of discretion because of plaintiff's failure to comply with the court's orders. In *Kadin Corp.* the Federal Circuit deemed involuntary dismissal appropriate when plaintiff repeatedly and without justification ignored both court-imposed deadlines and court rules. 782 F.2d at 176.

*Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448 (Fed.Cir.1988), is not to the contrary. In that case the Federal Circuit overturned a preclusionary order imposing discovery sanctions, *inter alia*, because the trial court did not find that the Government willfully abused the discovery process. 857 F.2d at 1451. Moreover, the appeals court in *Ingalls* could not see any real prejudice inuring to plaintiff, because discovery was on-going and plaintiff had the right to seek supplemental discovery. *Id.* at 1452–53. Agreeing with the lower court that the Government's interrogatory responses were insufficient, the Federal Circuit faulted the trial court for not warning the Government that the sanction would be imposed instead of checking with the Government to assure that it satisfied its discovery obligations:

> In the circumstances here, there needed to be a predicate 'warning' order, ideally after conferring with the parties, setting out the deficiencies the court saw and giving the government the chance to comply.... The litigants would then be on notice by court order of what was expected, and failure to comply would be sufficient basis for imposition of a sanction under RUSCC 37. By skipping this step, the government was deprived of both notice and its case, which we cannot let stand.

*Id.* at 1455.

In the case at bar, the chief special master found, based on the evidence before him, that the failure to comply was willful.[1]

---

1. The chief special master made this finding, in *haec verba*, in his order denying relief under RUSCC 60(b).

The chief special master also considered the potential harm to respondent. Finally, petitioner was given two warnings and thereafter an additional opportunity to explain her failure to comply with the orders.

Petitioner makes the point that the chief special master imposed the sanction of dismissal before evaluating the propriety of the ultimate sanction against a range of lesser sanctions that might have sufficed. This court made such an evaluation in *White Mountain Apache Tribe v. United States,* 6 Cl.Ct. 575, 579 (1984). Although the chief special master did not make this analysis, respondent, defending the chief special master's action, demonstrates that had he applied the approach advocated in *White Mountain,* the facts and policy considerations in the main would have supported the sanction imposed by the chief special master. In any event, it should be pointed out that *White Mountain* is not the law of this circuit. Controlling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed. The orders of the chief special master dismissing the complaint and denying relief under Rule 60(b)[2] meet these criteria.

## CONCLUSION

Based on the foregoing, the chief special master's decision is sustained. The Clerk of the Court shall enter judgment dismissing the petition.

2. The chief special master did not abuse his discretion in denying relief under Rule 60(b). The facts before the chief special master when he issued his April 30, 1992 order did not constitute exceptional circumstances.