72 F.3d 121
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Benjamin HOOVER, Jr., Plaintiff, Appellant,
v.
SUFFOLK UNIVERSITY LAW SCHOOL BOARD OF TRUSTEES, et al.,
Defendants, Appellees.
 No. 95-1521.
 United States Court of Appeals, First Circuit.
 Dec. 7, 1995.
 
 Benjamin Hoover, Jr. on brief pro se.
 Before SELYA, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court dismissed Benjamin Hoover's 42 U.S.C. Sec. 1981 suit for his counsel's failure to attend a status conference. Hoover now appeals. We affirm.
 
 
 2
 After Hoover's case had been pending for nearly four months, the court issued a notice advising Hoover's counsel that it would hold a status conference in two weeks. Counsel asserts that she did not receive this notice, but, five days before the conference was to take place, Hoover told her about it. Counsel then called a district court clerk to reschedule the conference. After discussion, the clerk declined to reschedule, warning counsel that failure to attend the conference would result in dismissal of the case. Several hours before the conference was held, counsel moved for a continuance, which was denied. She did not attend the conference. Her motion advanced only one colorable reason for not attending. It averred that the date "was a problem with regard to other matters I had scheduled for that date." Concluding, apparently, that counsel had no good reason for failing to appear, the court dismissed the action.
 
 
 3
 Our cases make clear that a district court may dismiss a case with prejudice if plaintiff or counsel has willfully or unjustifiably disobeyed a court order. Compare Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir.1990), and Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit International, Inc., 982 F.2d 686, 692 (1st Cir.1993), with Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1076-77 (1st Cir.1990) and Benjamin v. Aroostook Medical Center, Inc., 57 F.3d 101, 108 (1st Cir.1995). Hoover bears the burden of establishing the requisite excuse or lack of willfulness. Taylor v. Medtronics, Inc., 861 F.2d 980, 987 (6th Cir.1988); Adkins v. United States, 816 F.2d 1580, 1582 (Fed.Cir.1987) (dismissals for failure to comply with discovery orders). Counsel has offered no valid explanation for her failure to attend the conference, and so we conclude that dismissal was not an abuse of discretion.
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.