USCA1 Opinion

 

 December 7, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1521 BENJAMIN HOOVER, JR., Plaintiff, Appellant, v. SUFFOLK UNIVERSITY LAW SCHOOL BOARD OF TRUSTEES, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Benjamin Hoover, Jr. on brief pro se. ____________________ Michael L. Rosen, Paul V. Lyons, and Foley, Hoag & Eliot on brief ________________ _____________ ___________________ for appellees.  ____________________ ____________________ Per Curiam. The district court dismissed Benjamin ___________ Hoover's 42 U.S.C. 1981 suit for his counsel's failure to attend a status conference. Hoover now appeals. We affirm. After Hoover's case had been pending for nearly four months, the court issued a notice advising Hoover's counsel that it would hold a status conference in two weeks. Counsel asserts that she did not receive this notice, but, five days before the conference was to take place, Hoover told her about it. Counsel then called a district court clerk to reschedule the conference. After discussion, the clerk declined to reschedule, warning counsel that failure to attend the conference would result in dismissal of the case. Several hours before the conference was held, counsel moved for a continuance, which was denied. She did not attend the conference. Her motion advanced only one colorable reason for not attending. It averred that the date "was a problem with regard to other matters I had scheduled for that date." Concluding, apparently, that counsel had no good reason for failing to appear, the court dismissed the action.  Our cases make clear that a district court may dismiss a case with prejudice if plaintiff or counsel has willfully or unjustifiably disobeyed a court order. Compare Barreto v. _______ _______ Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990), and Goldman, ______________ ___ ________ Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit ________________________________________________ ______ -2- International, Inc., 982 F.2d 686, 692 (1st Cir. 1993), with ___________________ ____ Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, ________________ _______________________ 1076-77 (1st Cir. 1990) and Benjamin v. Aroostook Medical ___ ________ _________________ Center, Inc., 57 F.3d 101, 108 (1st Cir. 1995). Hoover bears ____________ the burden of establishing the requisite excuse or lack of willfulness. Taylor v. Medtronics, Inc., 861 F.2d 980, 987 ______ ________________ (6th Cir. 1988); Adkins v. United States, 816 F.2d 1580, 1582 ______ _____________ (Fed. Cir. 1987) (dismissals for failure to comply with discovery orders). Counsel has offered no valid explanation for her failure to attend the conference, and so we conclude that dismissal was not an abuse of discretion.  Affirmed. See 1st Cir. Loc. R. 27.1.  _____________________________________ -3-