# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-606V
Filed: October 28, 2013

```
* * * * * * * * * * * * * * * * * * * * *
ALLYSON NOVEMBRE,            *
                             *
              Petitioner,    *
                             *
     v.                      *     Failure to Prosecute; dismissal
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * * * * * * * * * *
```

Allyson Novembre, New York, New York, for petitioner (pro se).
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 17, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. § 300aa-10–34 (2012), alleging that influenza vaccine, which she received on September 15, 2009, caused her a loss of balance whose onset was September 20, 2009. Petitioner did not file medical records with her petition or afterward.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Counsel initially represented petitioner. But on January 18, 2013, during a telephonic status conference, petitioner's counsel moved to withdraw. The undersigned issued an order on January 18, 2013, granting petitioner's counsel's motion to withdraw, and petitioner became pro se. The undersigned directed the clerk of court to send petitioner a list of vaccine attorneys admitted to the U.S. Court of Federal Claims.

On March 5, 2013, the undersigned held a recorded telephonic status conference with petitioner and respondent's counsel. Petitioner requested another copy of the vaccine list, which the undersigned attached to the Order of March 7, 2013.

On May 7, 2013, the undersigned held another recorded telephonic status conference with petitioner and respondent's counsel. Petitioner was still attempting to find an attorney and to obtain her medical records.

On July 17, 2013, the undersigned held another recorded telephonic status conference with petitioner and respondent's counsel. Petitioner was still attempting to find an attorney and to obtain her medical records.

On August 15, 2013, the undersigned held another recorded telephonic status conference with petitioner and respondent's counsel. Petitioner stated that she had obtained her medical records but was still attempting to find an attorney. The parties and the undersigned agreed to have the next status conference on Thursday, September 19, 2013. The undersigned issued an Order dated August 15, 2013, which noted the date and time of the next status conference.

On September 19, 2013, petitioner was not present for the scheduled status conference and provided no notice for her absence.

On September 19, 2013, the undersigned issued an Order to Show Cause why the undersigned should not dismiss this case for failure to prosecute by **Monday, October 21, 2013**, by either filing a response to this Order or contacting the undersigned's law clerk. Petitioner failed to file a response to the Order to Show Cause or to contact the undersigned's law clerk. This case is **DISMISSED** for failure to prosecute.

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Claims Court, "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . .'" Tsekouras v. Sec'y of HHS, 26 Cl. Ct. 439, 442 (Fed. Cl. 1992) (quoting Claude E. Atkins Enterprises, Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990)). Petitioner failed to respond to the court's September 19, 2013 Order to Show Cause.

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a

2

showing of a proximate temporal relationship between vaccination and injury." <u>Althen v. Sec'y of HHS</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In <u>Althen</u>, the Federal Circuit quoted its opinion in <u>Grant v. Secretary of Health and Human Services</u>, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" <u>i.e.</u>, "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." <u>Grant</u>, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. <u>Id</u>. at 1148.

Petitioner must show not only that but for influenza vaccine, she would not have lost her balance, but also that influenza vaccine was a substantial factor in causing her to lose her balance. <u>Shyface v. Sec'y of HHS</u>, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Petitioner did not file an expert report in support of her allegations and failed to file any medical records. The Vaccine Act does not permit the undersigned to rule in favor of petitioner based solely on her allegations, unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1) (2012).

This petition is hereby **DISMISSED** for failure to show causation and for failure to prosecute.

## CONCLUSION

Petitioner's petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

_____                                _____
DATE                                                                     Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.