# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-161V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DANISE SCHWARTFIGURE, mother of    \*
E.D.S., a minor,    \*      Filed: August 11, 2014
   \*
          Petitioner,    \*
    v.    \*      Failure to Prosecute; Failure to
   \*      Follow Court Orders; Dismissal for
SECRETARY OF HEALTH    \*      Insufficient Proof of Causation;
AND HUMAN SERVICES,    \*      Denial Without Hearing
   \*
          Respondent.    \*
   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danise Schwartfigure, Pro Se* Petitioner.

*Lindsay Corlis,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 28, 2014, Petitioner Danise Schwartifgure filed an action on behalf of E.D.S., a minor seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2]. Petitioner alleges that E.D.S. suffered neurological and physiological symptoms as a result of receiving Measles, Mumps, and Rubella, Hepatitis A, and Varicella vaccine series he received on May 15, 2009.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permit each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa

Petitioner did not submit a filing fee or *in forma pauperis* application with her petition. The Clerk's Office accordingly telephoned Ms. Schwartifgure and informed her either to submit the fee or application to proceed *in forma pauperis* and on March 24, 2014, I issued an Order to that end. P filed *in forma pauperis* application on March 24, 2014, but because the motion lacked certain information I required in order to rule upon it, on May 1, 2014, I issued an Order directing Petitioner to file such supplemental information by June 2, 2014. After Ms. Schwartfigure failed to do so, on June 16, 2014, I issued an Order requiring her to file this information or pay the filing fee immediately. On July 7, 2014, I issued an Order to Show Cause because Petitioner had still not complied with my May 1, 2014 Order. Petitioner has filed nothing since then.

When a Vaccine Court petitioner (or plaintiff in other settings) fails to comply with orders to prosecute her case, a court may dismiss the matter. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); *see also Claude E. Atkins Enters., Inc. v. United States*, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Here, it is abundantly evident from the procedural history that Ms. Schwartfigure has repeatedly failed to adhere to the orders in this matter, thus establishing grounds for dismissal.

Additionally, my review of the record reveals insufficient evidence upon which an entitlement award could be based. To receive compensation under the Program, Petitioner must prove either 1) that E.D.S. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that E.D.S. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that E.D.S.'s alleged injuries were vaccine-caused.

I am very sympathetic to E.D.S.'s plight. But it is still Petitioner's duty to respond to court orders. Petitioner in this matter has been under order to file an *in forma pauperis* or application fee since February 28, 2014. As I reminded Petitioner in my July 7th Order to Show Cause, failure to follow the court's orders would result in the dismissal of her claim. Additionally, under the Act, a petitioner may not receive a Program award based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, making it impossible to succeed on her claim. §11(c)(1)(A).

**Thus, this case is dismissed for failure to prosecute and insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master