# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: November 7, 2016

* * * * * * * * * * * * * * * * * * * *

CHRISTINA PERI,  \*

\*      No. 15-1018

Petitioner, \*

v. \*      Special Master Gowen

\*

SECRETARY OF HEALTH \*      UNPUBLISHED

AND HUMAN SERVICES, \*

\*      Influenza; Ptosis; Failure to Prosecute.

Respondent. \*

* * * * * * * * * * * * * * * * * * * *

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

On September 14, 2015, Christina Peri ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program (hereinafter "the Program").[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 1, 2012, she experienced a systemic immune response characterized by rash, myalgias, arthralgias, and progressive severe disability that was "caused in fact" by the vaccine. Petition at Preamble. The information in the record, however, does not show entitlement to an award under the Program.

## I. Procedural History

A detailed procedural history of this claim can be found in the Order to Show Cause, issued on August 3, 2016. As the case developed, it became clear that the claim of an injury that lasted for six months, as is required for an award in the program, was based primarily upon a claim of ptosis or drooping of one eyelid. Accordingly, petitioner's counsel was directed to file dated photographs documenting that petitioner suffered the residual effects of the alleged injury for more than six months by October 31, 2016, or face dismissal of the claim. To date, the photographs have not been filed.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

## II.    Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c).  See also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute when party failed to submit pre-trial memorandum); Adkins V. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case due to party's failure to respond to discovery requests).

Additionally, to fulfill the Program's severity requirement, petitioner must show that she: (i) suffered the alleged injury's residual effects or complications for more than six months after the administration of the vaccine; (ii) died from the administration of the vaccine; or (iii) suffered an injury from the vaccine which resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa-11(c)(1)(D).

In the present case, petitioner does not seek compensation under § 300aa-11(c)(1)(D)(ii) or (iii).  Rather, she alleges that she suffered an injury lasting for more than six months.  During a telephonic status conference on May 18, 2016, petitioner's counsel stated that the only residual injury allegedly attributable to petitioner's influenza vaccination, which has lasted for at least six months, is ptosis (drooping of one eyelid).  Petitioner's counsel stated that petitioner still had ptosis on the date of that status conference.

The undersigned has directed petitioner's counsel several times to file dated photographs from before the vaccination and from at least six months after the vaccination, to support this claim.  Petitioner has not filed these photographs, or any additional medical records indicating that petitioner developed ptosis after the vaccination and that the residual effects lasted for more than six months.

Accordingly, it is clear that the record does not demonstrate that petitioner suffered residual effects of the alleged injury for more than six months.  Therefore, petitioner is not entitled to seek compensation under § 300aa-11(c)(1)(D)(i).

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

Any questions about this Order may be directed to my law clerk, Kate Burmeister, at (202) 357-6375 or kate_burmeister@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master