# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DARRICK STOPCZYNSKI,     \*

                     \*    No. 18-1893V

         Petitioner,    \*    Special Master Christian J. Moran

                     \*

v.                           \*

                     \*    Filed: January 17, 2020

SECRETARY OF HEALTH     \*

AND HUMAN SERVICES,     \*    Decision dismissing case;

                     \*    failure to prosecute.

         Respondent.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Darrick Stopczynski, Twin Lake, MI, pro se;

Heather L. Pearlman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Darrick Stopczynski filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on December 10, 2018. The petition alleged that he developed Guillain-Barré Syndrome as a result of the influenza ("flu") vaccination he received on December 11, 2015. The information in the record, however, does not show entitlement to an award under the Program.

## I.    Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed December 18, 2019. In that order, Mr. Stopczynski was instructed to

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

show cause as to why this case should not be dismissed by January 16, 2020. To date, Mr. Stopczynski has not responded.

## II.  Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, Mr. Stopczynski did not file any medical records to support his claim. Accordingly, Mr. Stopczynski failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

_Christian J. Moran_
Christian J. Moran
Special Master

2