# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
THOMAS BADE,                        *
                                    *      No. 18-1526V
               Petitioner,          *      Special Master Christian J. Moran
                                    *
v.                                  *
                                    *      Filed: December 9, 2020
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *      entitlement; show cause; dismissal
                                    *
               Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Thomas Bade, Pearl River, NY, representing himself as petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for
respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

On October 3, 2018, Mr. Bade filed a pro se petition claiming that an
influenza vaccination that he received on October 28, 2015, caused him to develop
transverse myelitis. Mr. Bade was unable to obtain a medical expert opinion in
support of his claim. Thus, his claim for compensation is denied.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. This posting will make the decision available to anyone with the internet. Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical
information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions
ordered by the special master will appear in the document posted on the website.

## I.     __Procedural History__

At an initial status conference on November 6, 2018, Mr. Bade was instructed to file some additional medical records and advised that he could retain an attorney. Order, issued Nov. 7, 2018.

Mr. Bade filed most of the medical records required by the order, and respondent was then ordered to review the record for completeness. Order, issued Feb. 13, 2019. While the review of the record by HHS medical personnel was still pending, respondent filed a status report advising that the record appeared substantially complete and proposed a due date for his Rule 4 report. Resp't's Status Rep., filed Apr. 8, 2019.

On August 7, 2019, respondent filed his Rule 4 report opposing compensation for Mr. Bade. In the report, respondent argued that Mr. Bade's transverse myelitis actually began in February 2010, before the influenza vaccination in 2015, and that Mr. Bade had not presented a medical theory connecting the vaccination to his transverse myelitis. Resp't's Rep., filed Aug. 7, 2019, at 7-9. During a status conference to discuss the Rule 4 report, due to the possibility that Mr. Bade's transverse myelitis existed before the vaccination, Mr. Bade noted that the vaccination could have aggravated his transverse myelitis. The undersigned issued expert instructions, and Mr. Bade was ordered to file an expert report. Order, issued Sept. 5, 2019.

On November 5, 2019, Mr. Bade moved for an extension of time to file his expert report. Mr. Bade stated that he required additional time because his wife was in the midst of a serious health issue. Respondent did not oppose Mr. Bade's motion. Mr. Bade received an extension until February 5, 2020. Order, issued Nov. 5, 2019.

Mr. Bade did not file an expert report or another motion for extension of time by the due date. Mr. Bade was ordered to file an expert report by April 13, 2020. Order, issued Feb. 13, 2020.

Mr. Bade again moved for an extension of time to file his expert report citing his wife's continued poor health. Pet'r's Mot., filed Mar. 10, 2020. Respondent advised that he did not oppose one more extension of time. Mr. Bade was ordered to file his expert report by June 12, 2020. Order, issued Mar. 11, 2020.

After Mr. Bade did not file his expert report by the June 12, 2020 due date, respondent moved for an order to show cause for why Mr. Bade's case should not be dismissed. Resp't's Mot., filed June 13, 2020. Respondent requested that Mr. Bade be directed to file an expert report or, if Mr. Bade is unable to file an expert report, to dismiss his case.

On June 16, 2020, the undersigned issued an order to show cause requiring Mr. Bade to respond by August 17, 2020. Mr. Bade again did not respond to the order to show cause by the due date. On August 19, 2020, the respondent moved to dismiss this case because Mr. Bade has not responded to the order to show cause.

Mr. Bade contacted chambers and respondent by informal communications advising that he had never received the June 16, 2020 order. Mr. Bade confirmed that he had received the previous order from March 11, 2020, and respondent's August 19, 2020 motion to dismiss. Mr. Bade was served again with the order to show cause and given an opportunity to respond. Order, issued Sept. 2, 2020.

In a filing received on September 30, 2020, Mr. Bade responded to the order to show cause. Mr. Bade stated that he was unable to afford a medical expert and noted his own poor health as well as wife's serious health issues. Mr. Bade argued that his most severe symptoms occurred a few weeks after the flu vaccination that was later diagnosed as transverse myelitis. Mr. Bade believes that the flu vaccination caused or significantly aggravated his transverse myelitis. Mr. Bade did not an expert report with his response. With this response filed, this matter is ready for adjudication

## II.    Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). Here, Mr. Bade is not alleging a "Table Injury."

For a claim that a vaccination caused an injury, petitioners bear a burden "to show by preponderant evidence that the vaccination brought about [the vaccinee's] injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). While a significant aggravation claim involves additional requirements, Mr. Bade's case can be resolved on the requirements established in Althen.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

The second prong of Althen, a logical sequence of cause and effect, is not supported by medical records and opinions from treating physicians. None of Mr. Bade's medical records contain any statements connecting the flu vaccination with his transverse myelitis. Even Mr. Bade's treating neurologist, Dr. Yamini Naidu, did not support vaccine causation and described Mr. Bade's transverse myelitis as "idiopathic." Exhibit 6 at 2. Thus, Mr. Bade has not established a logical sequence of cause and effect connecting the flu vaccination to his transverse myelitis.

The first prong of Althen, a medical theory, is provided by an expert. Regardless of whether Mr. Bade would be pursuing a claim that the flu vaccination caused or significantly aggravated his transverse myelitis, he must establish a medical theory. As noted in the procedural history, Mr. Bade did not submit a supportive report from a retained expert. Thus, Mr. Bade has not established a medical theory.

4

Mr. Bade's financial and medical situation warrant some sympathy and, with this in mind, the undersigned has extended deadlines for Mr. Bade to file an expert report several times. However, Congress directed that special masters cannot award compensation based upon statements from petitioners alone. 42 U.S.C. § 300aa–13(a)(1). Instead, Congress required that petitioners supply a medical record or medical opinion. A statement by such a medical professional would help distinguish sympathetic cases from meritorious cases.

## Conclusion

Based on the record as a whole and Mr. Bade's inability to submit an expert report, the undersigned finds that Mr. Bade has not established that he is entitled to compensation. Respondent's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master