# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 1, 2025

```
* * * * * * * * * * * * * *    *
CHARLES BRACEWELL,             *
                               *
              Petitioner,      *        No. 19-393V
                               *
v.                             *        Special Master Young
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * * * * *    *
```

*Ronald Craig Homer*, Conway, Homer, P.C. Boston, MA, for Petitioner.
*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On March 3, 2019, Charles Bracewell ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleged that he suffered from a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine administered on October 2, 2017. *Id.* at 1.

On January 21, 2025, Petitioner's counsel filed a motion to stay proceedings due to the fact that Petitioner had passed away and Petitioner's counsel wished to seek an alternative contact to proceed with Petitioner's claim. Pet'r's Mot. at 2, ECF No. 62. On January 23, 2025, I granted this motion and directed Petitioner's counsel to file a status report by no later than February 21, 2025. ECF No. 63. From February 21, 2025, to May 23, 2025, Petitioner's counsel filed monthly status reports indicating his efforts to find an alternative contact to proceed with Petitioner's claim. ECF Nos. 64–67. On May 23, 2025, Petitioner filed another status report indicating that he had failed to identify another contact to proceed with the claim and requested the Court's leave to file a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

motion for an Order to Show Cause. ECF No. 67. On June 12, 2025, Petitioner filed a Motion for an Order to Show Cause. ECF No. 68. On June 20, 2025, I issued an Order to Show Cause. PDF Order, docketed Jun. 20, 2025, ECF No. 69. I directed Petitioner to file a response by no later than July 21, 2025, and warned Petitioner that failure to comply would be interpreted as a failure to prosecute and the petition would be dismissed. *Id.* As of the date of this decision, Petitioner has not filed a response.

When a petitioner fails to comply with Court orders to prosecute their case, the Court may dismiss their claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). The current Petitioner has failed to find an alternative contact to continue prosecuting this case. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.