# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 23, 2025

```
* * * * * * * * * * * * * * *   *
LASHAY CAMERON, on behalf of her   *
minor deceased child, N.C., Jr.    *
                                   *
           Petitioner,             *        No. 23-1505V
                                   *
v.                                 *        Special Master Young
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
           Respondent.             *
* * * * * * * * * * * * * * *   *
```

*Lashay Cameron*, Bartow, FL, for Petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On August 31, 2023, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her deceased minor son, N.C. Pet. at 1, ECF No. 1. Petitioner alleged that N.C. had died as a result of complications from receiving tetanus, diphtheria, pertussis (Tdap), human papillomavirus (HPV), and meningococcal vaccines on August 27, 2021. The same day, the Chief Special Master issued an initial Pre-Assignment Review ("PAR") order directing Petitioner to file medical records, an affidavit, and submit the PAR Questionnaire by October 2, 2023. ECF No. 5. Petitioner then requested, and was granted, three motions for an extension of time ("MFET"), and filed medical records and an affidavit via compact disc on April 2, 2024. ECF No. 10. On April 3, Petitioner filed her fourth MFET to submit the remaining medical records, which the Chief Special Master granted. ECF No. 13. Petitioner filed additional medical records and a statement of completion on April 10, 2024. ECF No. 14; ECF No. 16.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On August 29, 2024, the Chief Special Master issued a scheduling order noting that Petitioner's submissions remained incomplete and directed Petitioner to file probate documents, N.C.'s death certificate, and a statement of completion by October 28, 2024. Order, docketed Aug. 29, 2024, ECF No. 19. On October 21, 2024, Petitioner's counsel filed a motion to withdraw as attorney, citing "irreconcilable differences," and noted that Petitioner wished to proceed *pro se* until she procured replacement counsel. Pet'r's Mot. at 1, ECF No. 20. Two days later, on October 23, 2024, Petitioner filed her fifth MFET to submit the requested documents. ECF No. 23.

On October 31, 2024, the Chief Special Master issued an order deferring Petitioner's motion to withdraw as attorney, suspending all other deadlines, and directing Petitioner to file a motion to substitute counsel by January 3, 2025. Order, docketed Oct. 31, 2024, ECF No. 25. Petitioner filed medical literature on December 27, 2024. ECF No. 28. On January 22, 2025, the Chief Special Master granted Petitioner's counsel's motion to withdraw as attorney and reclassified the case as *pro se*. Order, docketed Jan. 22, 2025, ECF No. 32.

This case was assigned to me on January 23, 2025. ECF No. 34. On February 19, 2025, I directed Respondent to conduct an initial review of Petitioner's medical records and submit a status report by August 18, 2025. Order, docketed Feb. 19, 2025. On August 18, 2025, Respondent filed a status report and a motion for an Order to Show Cause. ECF No. 38; ECF No. 39.

On August 21, 2025, I issued an Order to Show Cause. Order, ECF No. 40. I directed Petitioner to file the ordered medical records and file a response by no later than October 20, 2025. I also warned Petitioner that a failure to comply would be interpreted as a failure to prosecute, and the petition would be dismissed. *Id.* On September 2, 2025, the Court received a notice indicating that the address on file for Petitioner was inaccurate. ECF No. 41. After contacting Petitioner's former counsel, Petitioner was served at an updated email address on September 18, 2025, and Petitioner acknowledged receipt of service. ECF No. 42. As of the date of this decision, Petitioner has not filed any medical records or a response with the Court, and has not attempted to communicate with Chambers informally about her case.

When a petitioner fails to comply with Court orders to prosecute their case, the Court may dismiss their claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Here, Petitioner has failed to file the ordered medical records or file a response as ordered by this Court. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly**.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master