# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-2019V

| | |
|---|---|
| TROY J. BODAK, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 31, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On December 31, 2019, Troy J. Bodak filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine that he received on October 31, 2018. Petition, ECF No. 1 at 1.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Petition also erroneously refers to the administration of a tetanus vaccine. *See* Petition at 1.

On June 14, 2021, Respondent filed his Rule 4(c) Report challenging compensation, arguing that Petitioner could not demonstrate that he suffered a Table SIRVA within the appropriate timeframe. ECF No. 39 at 7. Respondent also argued that Petitioner's pain extended beyond his left shoulder. *Id.* at 8.

Petitioner filed a brief addressing Respondent's contentions on August 9, 2021, and Respondent filed his response on September 9, 2021. ECF Nos. 43, 44. After conducting a complete review of the record, I concluded that Petitioner was unable to proceed with his Table SIRVA claim due to his failure to preponderantly establish that the onset of his shoulder pain occurred within 48 hours of vaccination. Findings of Fact and Conclusions of Law, issued September 8, 2022, ECF No. 45. I also found that Petitioner's pain was not limited to his left shoulder. *Id.* Despite my reasoned and substantiated doubts, however, Petitioner was given an additional 32 days – or until October 10, 2022 – to show cause why his claim as a whole should not be dismissed. *Id.* at 10.

On October 11, 2022 – a day *after* Petitioner's deadline to act – Petitioner filed a motion requesting an extension of time. ECF No. 46. In it, he represented that an additional 30 days was needed for the completion of an orthopedic expert report offering an opinion on causation. *Id.* Although Petitioner's time to comply with the order to show cause was thereafter extended to November 9, 2022, on November 11, 2022 – this time, two days after the new deadline – Petitioner again requested an additional 30 days (until December 12, 2022) to show cause. ECF No. 48. This request was also granted- but this time, not only did Petitioner (again) fail to comply, he failed to file a response of any kind.

## ANALYSIS

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Here, as is abundantly evident from the procedural history, Petitioner has repeatedly failed to adhere to the orders in this matter. And he has provided no

reasonable justification for his lapses, nor has he provided the evidence and information I noted was necessary to resolve the claim in his favor. He otherwise has taken no action in this case in the almost year's time since my last Order.

**Accordingly, this case is DISMISSED for failure to prosecute and failure to follow orders. The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master