# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-260V
Filed: September 16, 2025

```
* * * * * * * * * * * * *    *
PATRICIA STEPHENS,           *
                             *
                 Petitioner, *
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
                 Respondent. *
* * * * * * * * * * * * *    *
```

*Patricia Stephens, pro se* petitioner.
*Emilie Williams, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth,** Special Master:

On March 9, 2020, Patricia Stephens ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza vaccine she received on October 30, 2017, caused her to suffer chronic inflammatory demyelinating polyneuropathy. Petition, ECF No. 1; Amended Petition, ECF No. 60. At that time, petitioner was represented by counsel.

Since then, petitioner has filed her medical records. *See* ECF Nos. 5, 14, 18, 20-21, 28-29, 32-33, 38, 41, 43, 48, 50, 52-53, 58. Petitioner requested and received ten (10) extensions of time to file additional medical records and expert reports. *See* ECF Nos. 9-12, 15-16, 19, 49, 51, 63.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petitioner has not filed an expert report in this case.

On June 9, 2023, petitioner's attorney, Emily Beth Ashe, moved for interim fees and to withdraw as counsel. ECF Nos. 65-66. These motions were granted on April 23, 2024. ECF Nos. 68-69. The Court attempted service of these orders on petitioner, but each was returned to sender, marked as not deliverable as addressed. ECF Nos. 74-76. On June 13, 2024, the Court issued an Order directing the Clerk to change petitioner's address due to a mistake noted. ECF No. 77. Despite the address correction, petitioner still could not be reached for service. *See* ECF Nos. 78-79.

On July 11, 2024, the Court ordered petitioner to provide the Court with her current contact information by August 26, 2024. ECF No. 80. This too was returned to sender. ECF No. 83.

After some time passed without any communication from petitioner, an Order to Show Cause issued, recounting the attempts to contact petitioner since counsel had been relieved and she became a *pro se* litigant. ECF No. 84. It also addressed that the address on record had been provided by petitioner's former counsel and that upon an internet search the Court recognized that there might have been an error in the town name provided. *Id*. It was further documented that several attempts to email petitioner at the email address provided by petitioner's former counsel were unavailing. *Id*. Petitioner was warned that failure to provide contact information by September 4, 2025, would be grounds to dismiss the claim for failure to prosecute. The Order to Show Cause was sent by First Class mail to the address provided by petitioner's former counsel, to the address as corrected, and to petitioner's email. *Id*.

Petitioner failed to comply with the Order to Show Cause by the September 4, 2025, deadline. As of today, September 12, 2025, petitioner has not complied with the Court's order or communicated with the Court in any way.

Special masters may dismiss a petition where the petitioner fails to follow court orders. *See Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

Further, to receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." The record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or vaccine-related.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. Further, petitioner has failed to communicate with the court or respond to court orders in over a year. **Thus, this case is dismissed for insufficient proof and lack of prosecution. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master